UNITED STATES DISTRICT COURT
IN THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>)<br>vs. )<br>)<br>)<br>)<br>)<br>ROBERT K BONESTEEL, )<br>)<br>Defendant. )<br>_____ ) | Case No: 3:24-cr-213<br><br>SENTENCING MEMORANDUM AND<br>MOTION FOR DOWNWARD<br>VARIANCE |

NOW COMES the Defendant, Robert Bonesteel, in the above-captioned action, by and through his attorney, to respectfully move this Honorable Court to sentence him below the advisory guideline range. According to the Presentence Investigation Report, Bonesteel's advisory guidelines range, with a total offense level of 42, Criminal History Category I, is 360 months to life imprisonment. However, as the statutorily authorized maximum sentence of 30 years is less than the maximum applicable guideline range, the guideline term of imprisonment is 360 months, followed by a term of supervised release of 5 years to life.

Mr. Bonesteel contends that a sentence of imprisonment within the advisory guidelines range set forth in his PSR is greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a), especially in light of the nature and circumstances of the offense, Robert's history and characteristics, the need for the sentence imposed to provide him with correctional treatment in the most effective manner, and other mitigating circumstances.

**I.     Nature and Circumstances of the Offense**

The nature and circumstances of the offense should be considered in determining an

appropriate sentence, pursuant to 3553(a)(1). In this matter, Robert was swayed by an individual online, who utilized the screenname "R.J.". Robert confided in R.J. about his struggles with addiction, hoping for understanding, but instead, R.J. capitalized on that vulnerability. R.J. used this weakness to compel Robert into participating in illicit conduct in furtherance of his criminal endeavors. Robert has accepted responsibility for his conduct and acknowledges he used terrible judgement in becoming involved with R.J. He has demonstrated this understanding by being forthcoming and honest with law enforcement, resulting in the ultimate capture and indictment of R.J.

II.	**History and Characteristics of the Defendant**

Robert's history and characteristics should be considered in determining an appropriate sentence, pursuant to 18 U.S.C. §§ 3583(e) and 3553(a)(1).

Robert is a retired 63-years-old with no prior criminal history. He has been married for approximately 42 years and shares three adult children with his wife, Theresa. He and Theresa have lived in West Columbia for over 10 years now. Before coming to West Columbia, Robert served 15 years in the United States Navy before being honorably discharged.

On February 24, 2026, Robert's sister, Barbara Bortell, wrote a letter detailing what Robert's upbringing was like (Exhibit A). Ms. Bortell spoke of the fear her and Robert experienced growing up with an abusive, alcoholic father. As apparent in the Forensic Evaluation completed on or around August 12, 2024, this environment impacted him substantially. During the examination, Robert also disclosed to the examiner the sexual abuse he experienced before the age of 6. He went on to explain how throughout his early developing years verbal and physical abuse followed everywhere he turned.

Robert has worked tirelessly to move past the effects of these traumatic experiences. He dedicated most of his adulthood to faith development and helping those around him. In the words of his pastor at First Baptist of Lexington, Ralph Shneck, Robert has "displayed the heart of a servant." (Exhibit B). Similarly, Greg Wollenhaupt of Faith Church recounted Robert's "unwavering commitment to service" on a mission team Robert lead to Romania. (Exhibit C). His most substantial developments, though, can be seen through his passionate work for the Jamaica Christian School for the Deaf. (Exhibit D).

Robert quickly realized, though, that while he is called to serve others, he also must work on developing himself. His regrettable conduct acted as a wake-up call, reminding Robert that his past is no excuse for his conduct, and that he must prioritize getting the help he needs. Robert has continued to see Hal Stewart, a Licensed Professional Counselor and Certified Sex Addiction Therapist for years now. Mr. Stewart, in a character letter, noted the intensity of the psychotherapy Robert has endured, and Robert's continued commitment to growth (Exhibit E). While in custody thus far, Robert has also participated in the Bridge of Hope Men's Recovery Group (Exhibit F) completed countless hours of self-reflection.

His efforts have been noticed and appreciated by his peers, creating a strong, safe support system for during and after his incarceration. Several of his peers have written letters of support for the Court to read, which have been attached to this Motion. (Exhibit G).

### III. The Need for the Sentence to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, Afford Adequate Deterrence, Protect the Public from the Defendant, and Provide the Defendant with Needed Training (§ 3553(a)(2))

Robert accepts responsibility for his conduct, and we do not believe that a sentence within the advisory guidelines range is necessary in this case. Robert is committed to demonstrating his adherence to the law going forward, starting by obtaining the psychiatric help

he needs. Robert asserts that he respects the law, regrets his actions, and that a term of 360 months imprisonment is not necessary to instill that respect in him, or to protect the public. Robert knows that his actions were reprehensible, that a term of some imprisonment is appropriate, but he requests a term that accounts for all of the information relayed thus far.

### IV.   Deterrence Indicators

Robert believes that a shorter period of imprisonment combined with the years on release with supervision and the lessons learned from this case and his conduct are sufficient deterrence of any future criminal conduct.

### CONCLUSION

Robert is a 63-year-old retired veteran. He has never been in trouble before. He made a mistake that he will live with for the rest of his life. He respectfully asks the Court to consider a sentence outside of the advisory guidelines, so that he may one day get home to his wife, Theresa, and start slowly earning his family's forgiveness. A sentence of this nature would be sufficient but not greater than necessary to comply with the 18 U.S.C. § 3553(a) sentencing factors. Robert would ask the Court to consider this motion and such other arguments made before the Court.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

Respectfully submitted,

                                                  Benjamin A. Stitely

                                                  S/ Benjamin A. Stitely
                                                  Benjamin A. Stitely (#10563)
                                                  Williams Stitely & Brink, P.C.
                                                  200 East Main Street
                                                  Lexington, SC 29072
                                                  803 359 9000 (T)
                                                  803 359 9945 (F)
                                                  bstitely@wsblegal.com

Lexington, South Carolina
March 6, 2026